## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | |
|---|---|
| Alvaro Coronado Juarez, Anna Flor Lopez Velazquez, Brenda Cecilia Lopez Miramontes, Elizabeth Arango Alvarez, Francisca Rodriguez Castañon, Hermila Hernandez, Josefina Moreno Luevanos, Luis Enrique Rocha Huitron, Margarita Mora Ramirez, Maria Ordoñez Hernandez, Reyna Castañeda, Sara Colorado, Virdiana Candelario Lopez, and Yadira Garcia Hernandez, | **CIVIL ACTION NO.** 7:22-CV-00057 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| Felipe Vega, a/k/a, Felipe Vega Gonzalez, and Gregoria Vega, a/k/a, Gregoria R. Vega, d/b/a, Taqueria Don Felipe #1, | |
| **Defendants.** | |

## ORIGINAL COMPLAINT

Plaintiffs Alvaro Coronado Juarez, Anna Flor Lopez Velazquez, Brenda Cecilia Lopez Miramontes, Elizabeth Arango Alvarez, Francisca Rodriguez Castañon, Hermila Hernandez, Josefina Moreno Luevanos, Luis Enrique Rocha Huitron, Margarita Mora Ramirez, Maria Ordoñez Hernandez, Reyna Castañeda, Sara Colorado, Viridiana Candelario Lopez, and Yadira Garcia Hernandez ("Plaintiffs"), bring these causes of action against Defendants Felipe Vega, a/k/a, Felipe Vega Gonzalez, and Gregoria Vega, a/k/a, Gregoria R. Vega, d/b/a, Taqueria Don Felipe #1 ("Defendants"). Plaintiffs respectfully show that Defendants failed to pay Plaintiffs' wages owed for labor rendered in violation of state and federal law and bring this action for declaratory and injunctive relief, as well as damages and attorneys' fees and costs, against Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Texas Minimum Wage Act ("TMWA"), Texas Labor Code § 62.001 *et seq.*

1

## JURISDICTION AND VENUE

1.   This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. § 201, *et seq*.

2.   This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because they are closely related to Plaintiffs' FLSA claims with the Court's original jurisdiction. All claims relate to Defendants' failure to pay adequate wages and thus form part of the same case or controversy under Articles 3 of the United States Constitution.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events complained of occurred in relation to the work performed at the Taqueria Don Felipe #1 restaurant located in Hidalgo County, Texas.

## PARTIES

4.   Plaintiffs Alvaro Coronado Juarez, Anna Flor Lopez Velazquez, Brenda Cecilia Lopez Miramontes, Elizabeth Arango Alvarez, Francisca Rodriguez Castañon, Hermila Hernandez, Josefina Moreno Luevanos, Luis Enrique Rocha Huitron, Margarita Mora Ramirez, Maria Ordonez Hernandez, Reyna Castaneda, Sara Colorado, Viridiana Candelario Lopez, and Yadira Garcia Hernandez are individuals residing in Hidalgo County, Texas.

5.   Defendant Felipe Vega, a/k/a, Felipe Vega Gonzalez, is an individual residing in Hidalgo County, Texas.

6.   Defendant Gregoria Vega, a/k/a, Gregoria R. Vega, is an individual residing in Hidalgo County, Texas.

7.   Defendants Felipe Vega, a/k/a, Felipe Vega Gonzalez, and Gregoria Vega, a/k/a,

2

Gregoria R. Vega do business as Taqueria Don Felipe in Hidalgo County, Texas.

8.   Taqueria Don Felipe #1 is a restaurant business engaged in the sale of Mexican food at 2600 W 5 Mile Rd, Mission, TX 78574.

9.   Defendants also own, operate, and manage the following establishments: Taqueria Don Felipe #2 located at 220 W Main Ave, Alton, TX 78573; Taqueria Don Felipe #4 located at 3908 N. Conway Ave, Mission, TX 78574; Drive Thru #1, a/k/a/ Drive Thru Don Felipe, located at 6300 California St, Mission, TX 78574; Don Felipe Meat Market located at 6800 N, La Homa Rd, Mission, TX 78574; and two pull tacos carts located at Don Felipe Taqueria #4 and the other located in Drive Thru Don Felipe #1, a/k/a/ Drive Thru Don Felipe.

10.   Taqueria Don Felipe #1 located at 2600 W 5 Mile Rd, Mission, TX 78574 has filed an Assumed Name Certificate with the Hidalgo County Clerk as a sole proprietorship, listing Felipe Vega as the owner.

11.   Defendant Felipe Vega, a/k/a, Felipe Vega Gonzalez, can be served at his home, at 3601 California St., Mission, TX 78574. *Service is requested.*

12.   Defendant Gregoria Vega, a/k/a, Gregoria R. Vega can be served at her home at 1600 Norma Drive, Mission, TX 78574. *Service is requested.*

## STATEMENT OF FACTS

### Plaintiff Alvaro Coronado Juarez

13.   Defendants directly or indirectly hired Mr. Alvaro Coronado Juarez to work at Defendants' restaurant.

14.  Defendants employed Mr. Coronado Juarez from approximately August of 2001 until July 3, 2021.

3

15. Mr. Coronado Juarez performed work for Defendants from approximately August of 2001 until July 3, 2021.

16. Mr. Coronado Juarez worked as a "parillero," a grill cook, for Defendants.

17. As a parillero for Defendants, Mr. Coronado Juarez handled and worked with the vegetables that were purchased from the "Central de Abastos," an international produce terminal market located in McAllen, Texas. The restaurant sells soft drinks, candies, and other goods imported from Mexico.

18. During his employment for Defendants, Mr. Coronado Juarez worked about 10 to 11 hours days, from approximately 2 p.m. until 1 or 2 a.m. without any breaks.

19. During his employment for Defendants, Mr. Coronado Juarez worked six to seven days a week.

20.  During his employment for Defendants, Mr. Coronado Juarez worked over forty (40) hours per week.

21. Defendants paid Mr. Coronado Juarez a regular rate of $7.50 an hour.

22. Before the COVID-19 pandemic, Mr. Coronado Juarez was paid $8.50 an hour. After the COVID-19 pandemic began, in about March 2020, his salary was reduced to $7.50 an hour.

23. Defendants failed to pay Mr. Coronado Juarez for overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in a given workweek.

24. Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500, 000.00.

25. Mr. Coronado Juarez fears that Defendants may retaliate against him for asserting his

4

legal rights. If Defendants attempt any form of retaliation, Mr. Coronado Juarez intends to avail himself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Anna Flor Lopez Velazquez

26. Defendants directly or indirectly hired Ms. Anna Flor Lopez Velazquez to work at Defendants' restaurant.

27. Defendants employed Ms. Lopez Velazquez from approximately November 2005 until July 3, 2021.

28.  Ms. Lopez Velazquez performed work for Defendant from approximately November 2005 until July 3, 2021.

29.  Ms. Lopez Velazquez worked as a cook for Defendants.

30.  As a cook for Defendants, Ms. Lopez Velazquez handled and worked with the vegetables that were purchased from the "Central de Abastos," an international produce terminal market located in McAllen, Texas. The restaurant sold soft drinks, candies, and other goods imported from Mexico.

31.  During her employment for Defendants, Ms. Lopez Velazquez worked about eight (8) to nine (9) hours a day, from approximately 8 am until 4 or 5 pm without any breaks.

32. During her employment for Defendants, Ms. Lopez Velazquez worked six (6) days a week.

33. During her employment for Defendants, Ms. Lopez Velazquez worked for Defendants over forty (40) hours per week.

34. Defendant paid Ms. Lopez Velazquez a regular rate of $7.50 an hour.

35.  Before the COVID-19 pandemic, Ms. Lopez Velazquez was paid $8.50 an hour. After the COVID-19 pandemic began, in about March of 2020, her salary was reduced to $7.50 an hour.

36. Defendants failed to pay Ms. Lopez Velazquez for overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

37. Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500,000.00.

38. Ms. Lopez Velazquez fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Lopez Velazquez     intends to avail herself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Brenda Cecilia Lopez Miramontes

39. Defendants directly or indirectly hired Ms. Brenda Cecilia Lopez Miramontes to work at Defendants' restaurant.

40. Defendants employed Ms. Lopez Miramontes from approximately May 2012 until July 3, 2021.

41.  Ms. Lopez Miramontes performed work for Defendants from approximately May of 2012 until July 3, 2021.

42.  Ms. Lopez Miramontes worked as a waitress for Defendants.

43.  As a waitress for Defendants, Ms. Lopez Miramontes handled the plates of food with vegetables, soft drinks, candies, and other goods imported from Mexico.

44. During her employment for Defendants, Ms. Lopez Miramontes worked about eight and half (8 ½) hours per day, from approximately 8 am until 4:30 pm without any breaks.

45. During her employment for Defendants, Ms. Lopez Miramontes worked six (6) days out of the week.

46. Defendants paid Ms. Lopez Miramontes a regular rate of $3.50 an hour plus tip, but customers did not always tip.

47. Defendants failed to pay Ms. Lopez Miramontes for overtime compensation at a rate of one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

48.  Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500,000.00.

49. Plaintiff fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Plaintiff intends to avail herself of the protection of this Court, as appropriate.

### STATEMENT OF FACTS

**Plaintiff Elizabeth Arango Alvarez**

50. Defendants directly or indirectly hired Ms. Elizabeth Arango Alvarez to work at Defendants' restaurant.

51. Defendants employed Ms. Arango Alvarez from approximately March 2009 until July 3, 2021.

52. Ms. Arango Alvarez worked for Defendants from approximately March of 2009 or 2010 until July 3, 2021.

53. Ms. Arango Alvarez worked as a cook for Defendants.

54. As a cook for Defendants, Ms. Arango Alvarez handled and worked with the vegetables that were purchased from the "Central de Abastos," an international produce terminal market located in McAllen, Texas. The restaurant sold soft drinks, candies, and other goods imported from Mexico.

55. During her employment for Defendants, Ms. Arango Alvarez worked about eight (8) to nine (9) hours a day, from approximately 4 pm until 12 am or 1 am without any breaks.

56. During her employment for Defendants, Ms. Arango Alvarez worked six (6) to seven (7) days a week.

57. During her employment for Defendants, Ms. Arango Alvarez worked over forty (40) hours per week.

58. Defendants paid Ms. Arango Alvarez a regular rate of $7.50 an hour.

59. Before the COVID-19 pandemic, Ms. Arango Alvarez was paid $8.50 an hour. After the COVID-19 pandemic began, in about March of 2020, her salary was reduced to $7.50 an hour.

60. Defendants failed to pay Ms. Arango Alvarez for overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

61. Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500,000.00.

62. Ms. Arango Alvarez fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Arango Alvarez intends to avail herself of the protection of this Court, as appropriate.

<u>**STATEMENT OF FACTS**</u>

**Plaintiff Francisca Rodriguez Castañon**

63. Defendants directly or indirectly hired Ms. Francisca Rodriguez Castañon to work at Defendants' restaurant.

64. Defendants employed Ms. Rodriguez Castañon from approximately November 2008 until July 3, 2021.

65. Ms. Rodriguez Castañon performed work for Defendants from approximately November of 2008 until July 3, 2021.

66. Ms. Rodriguez Castañon worked as a cook for Defendants.

67. As a cook for Defendants, Ms. Rodriguez Castañon handled and worked with the vegetables that were purchased from the "Central de Abastos," an international produce terminal market located in McAllen, Texas. The restaurant sold soft drinks, candies, and other goods imported from Mexico.

68. During her employment for Defendants, Ms. Rodriguez Castañon, worked about six and half (6 ½) to seven and a half (7 ½) hours per day, from approximately 4 pm until 11:30 pm or 12:30 am without any breaks.

69. During her employment for Defendants, Ms. Rodriguez Castañon worked six (6) days a week.

70. During her employment for Defendant, Ms. Rodriguez Castañon worked over forty

(40) hours per week.

71. Defendants paid Ms. Rodriguez Castañon a regular rate of $7.50 an hour.

72. Before the COVID-19 pandemic, Ms. Rodriguez Castañon was paid $8.50 an hour. After the COVID-19 pandemic began, in March of 2020, her salary was reduced to $7.50 an hour.

73. Defendants failed to pay Ms. Rodriguez Castañon for overtime compensation at a rate of one and-one half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

74. Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500,000.00.

75. Plaintiff fears that Defendant may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Arango Alvarez intends to avail herself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Hermila Hernandez Gamez

76. Defendants directly or indirectly hired Ms. Hermila Hernandez Gamez to work at Defendants' restaurant.

77. Defendants employed Ms. Hernandez Gamez from approximately November 2016 until July 3, 2021.

78. Ms. Hernandez Gamez performed worked for Defendants from approximately November of 2016 until July 3, 2021.

79. Ms. Hernandez Gamez worked as a waitress for Defendants.

80.  As a waitress for Defendants, Ms. Hernandez Gamez handled the plates of food with vegetables, soft drinks, candies, and other goods imported from Mexico.

81. During her employment for Defendants, Ms. Hernandez Gamez worked about eight and half (8.5) to nine (9) hours per day, from approximately 8 am until 4:30 pm or 5 pm without any breaks.

82. During her employment for Defendants, Ms. Hernandez Gamez worked six (6) days a week.

83. During her employment for Defendants, Ms. Hernandez Gamez worked over forty (40) hours per week.

84. Defendants paid Ms. Hernandez Gamez a regular rate of $3.50 an hour plus tip, but customers did not always leave a tip. The tips varied per day; however, on slow days she made approximately twenty dollars ($20) a day and on busy days she made up to fifty dollars ($50) a day in tips.

85. Defendants failed to pay Ms. Hernandez Gamez for overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

86. Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500,000.00.

87. Ms. Hernandez Gamez fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Hernandez Gamez intends to avail herself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Josefina Moreno Luevanos

88. Defendants directly or indirectly hired Ms. Josefina Moreno Luevanos to work at Defendants' restaurant.

89. Defendants employed Ms. Moreno Luevanos from approximately August of 2001 to July 3, 2021.

90. Ms. Moreno Luevanos performed work for Defendant from approximately August of 2001 to July 3, 2021.

91. Ms. Moreno Luevanos worked as a cashier and waitress for Defendants.

92. As a cashier and waitress for Defendants, Ms. Moreno Luevanos handled the plates of food with vegetables, soft drinks, candies, and other goods imported from Mexico.

93. During her employment for Defendants, Ms. Moreno Luevanos worked about nine (9) to 10 hours per days, from approximately 4 pm until 1 or 2 am without any breaks.

94. During her employment for Defendants, Ms. Moreno Luevanos worked six (6) to seven (7) days a week.

95. During her employment for Defendants, Ms. Moreno Luevanos worked over forty (40) hours per week.

96. Defendants paid Ms. Moreno Luevanos a regular rate of $7.50 an hour.

97. Before the COVID-19 pandemic, Ms. Moreno Luevanos was paid $8.50 an hour. After the COVID-19 pandemic began, in about March 2020, her salary was reduced to $7.50 an hour.

98. Defendants failed to pay Ms. Moreno Luevanos for overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

99. Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500, 000.00.

100.    Ms. Moreno Luevanos fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Moreno Luevanos intends to avail herself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Luis Enrique Rocha Huitron

101.    Defendants directly or indirectly hired Mr. Luis Enrique Rocha Huitron to work at Defendants' restaurant.

102.    Defendants employed Mr. Rocha Huitron from approximately 2014 or 2015 until July 3, 2021.

103.    Mr. Rocha Huitron performed work for Defendants from approximately 2014 or 2015 until July 3, 2021.

104.    Mr. Rocha Huitron worked as a "taquero," a taco cook, for Defendants.

105.    As a taquero for Defendants, Mr. Rocha Huitron handled and worked with the vegetables that were purchased from the "Central de Abastos," an international produce terminal market located in McAllen, Texas. He also unloaded produce and vegetables for Defendants that were imported from Mexico. The restaurant sold soft drinks, candies, and other goods imported from Mexico.

13

106.    During his employment for Defendants, at the restaurant, Mr. Rocha Huitron, worked about eight and half (8 ½) to ten and a half (10 ½) hours per day, from approximately 4 pm until 12:30 pm or 2:30 am, on the weekends, without any breaks.

107.    During his employment for Defendants, at the food truck, Mr. Rocha Huitron, worked about five (5) hours per day, from approximately 9 am to 5 pm. He worked at the food truck for approximately seven (7) months, from about November 2020 to June 2021.

108.    During his employment for Defendants, Mr. Rocha Huitron worked five (5) to six (6) days a week.

109.    During his employment for Defendant, Mr. Rocha Huitron worked over forty (40) hours per week.

110.    Defendants paid Mr. Rocha Huitron a regular rate of $7.50 an hour.

111.    Before the COVID-19 pandemic, Mr. Rocha Huitron was paid $8.50 an hour. After the COVID-19 pandemic began, his salary was reduced to $7.50 an hour.

112.    Defendants failed to pay Mr. Rocha Huitron for overtime compensation at a rate of one and-one half times his regular rate of pay for all hours worked over forty (40) in a given workweek.

113.    Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500, 000.00.

114.    Mr. Rocha Huitron fears that Defendants may retaliate against him for asserting his legal right. If Defendants attempt any form of retaliation, Mr. Rocha Huitron intends to avail himself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Margarita Mora Ramirez

115.   Defendants directly or indirectly hired Ms. Margarita Mora Ramirez to work at Defendants' restaurant.

116.   Defendants employed Ms. Mora Ramirez from approximately January 2016 to July 3, 2021.

117.   Ms. Mora Ramirez performed work for Defendants from approximately January 2016 to July 3, 2021.

118.   Ms. Mora Ramirez worked as a cook for Defendants.

119.   As a cook for Defendants, Ms. Mora Ramirez handled and worked with the vegetables that were purchased from the "Central de Abastos," an international produce terminal market located in McAllen, Texas. The restaurant sold soft drinks, candies, and other goods imported from Mexico.

120.    During her employment for Defendants, Ms. Mora Ramirez worked about eight and half (8 ½) to nine (9) hours per day, from approximately 4 pm until 12:30 am or 1 am without any breaks.

121.   During her employment for Defendants, Ms. Mora Ramirez worked five (5) to six (6) days a week. When the pandemic began, in about March of 2020, she worked about four (4) days out of the week. She had three (3) days off per week.

122.   During her employment for Defendants, Ms. Mora Ramirez worked over forty (40) hours per week.

123.    Defendants paid Ms. Mora Ramirez a regular rate of $7.50 an hour.

124.    Before the COVID-19 pandemic began, Ms. Mora Ramirez was paid $8.50 an hour. After the COVID-19 pandemic, in about March 2020, her salary was reduced to $7.50 an hour.

125.    Defendants failed to pay Ms. Mora Ramirez for overtime compensation at a rate of one and one-half times her regular pay for all hours worked over forty (40) in a given workweek.

126.    Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500, 000.00.

127.    Plaintiff fears that Ms. Mora Ramirez may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Mora Ramirez intends to avail herself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Maria Ordoñez Hernandez

128.    Defendants directly or indirectly hired Ms. Maria Ordoñez Hernandez to work at Defendants' restaurant.

129.    Defendants employed Ms. Ordoñez Hernandez from approximately April 2017 until July 3, 2021.

130.    Ms. Ordoñez Hernandez performed worked for Defendants from approximately April 2017 until July 3, 2021.

131.    Ms. Ordoñez Hernandez worked as a cook for Defendants.

132.     As a cook for Defendants, Ms. Ordoñez Hernandez handled and worked with the vegetables that were purchased from the "Central de Abastos," an international produce terminal market located in McAllen, Texas. The restaurant soft drinks, candies, and other goods imported from Mexico.

133.     During her employment for Defendants, Ms. Ordoñez Hernandez worked about eight (8) to ten (10) hours per day, from approximately 4pm until 12am or 2 am without any break.

134.     During her employment for Defendants, Ms. Ordoñez Hernandez worked six (6) days a week.

135.     During her employment for Defendants, Ms. Ordoñez Hernandez worked over forty (40) hours per week.

136.     Defendants paid Ms. Ordoñez Hernandez a regular rate of $7.50 an hour.

137.     Before the COVID-19 pandemic began, she was paid $8.50 an hour. After the COVID-19 pandemic, in about March 2020, her salary was reduced to $7.50 an hour.

138.     Defendants failed to pay Ms. Ordoñez Hernandez for overtime compensation at a rate of one and one-half times her regular pay for all hours worked over forty (40) in a given workweek.

139.     Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500, 000.00.

140.     Ms. Ordoñez Hernandez fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Ordonez Hernandez intends to avail herself of the protection of this Court, as appropriate.

17

## STATEMENT OF FACTS

### Plaintiff Reyna Castañeda

141.    Defendants directly or indirectly hired Ms. Reyna Castañeda to work at Defendants' restaurant.

142.    Defendants employed Ms. Castañeda from approximately March 2004 until July 3, 2021.

143.    Ms. Castañeda performed work for Defendants from approximately March 2004 until July 3, 2021.

144.    Ms. Castañeda worked as the morning shift manager of the restaurant for Defendants.

145.    As a manager, Ms. Castañeda was responsible for overseeing the operation of the restaurant. Ms. Castañeda also helped by cooking and serving customers. She handled and worked with the vegetables that were purchased from the "Central de Abastos," an international produce terminal market located in McAllen, Texas. The restaurant sold soft drinks, candies, and other goods imported from Mexico.

146.    During her employment for Defendants, Ms. Castañeda worked about nine (9) to nine and half (9 ½) hours per day, from approximately 8 am to 5 pm or 5:30 pm without any breaks.

147.    During her employment for Defendants, Ms. Castañeda worked six (6) days a week.

148.    During her employment for Defendants, Ms. Castañeda worked over forty (40) hours per week.

149.    Defendants paid Ms. Castañeda a regular rate of $7.50 an hour.

150.    Defendants failed to pay Ms. Castañeda for overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

151.    Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500,000.00.

152.    Ms. Castañeda fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Castañeda intends to avail herself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Sara Colorado

153.    Defendants directly or indirectly hired Ms. Sara Colorado to work at Defendants' restaurant.

154.    Defendants employed Ms. Colorado from approximately September 2003 until July 3, 2021.

155.    Ms. Colorado performed worked for Defendants from September 2003 until July 3, 2021.

156.    Ms. Colorado worked as the afternoon shift manager of the restaurant for Defendants.

157.    As a manager, Ms. Colorado was responsible for the operation of the restaurant during her shift in the afternoon. Ms. Colorado also helped by cooking and serving customers. She handled and worked with the vegetables that were purchased from the "Central de Abastos,"

an international produce terminal market located in McAllen, Texas. The restaurant sold soft drinks, candies, and other goods imported from Mexico.

158.    During her employment for Defendants, Ms. Colorado worked about eight and half (8.5) hours per day, from approximately 4pm until 12:30 am without any breaks. On the weekends, she worked from approximately 4pm until 1:30 am or 2 am.

159.    During her employment for Defendants, Ms. Colorado worked six (6) days a week.

160.    During her employment for Defendants, Ms. Colorado worked over forty (40) hours per week.

161.    Defendants paid Ms. Colorado a regular rate of $7.50 an hour.

162.    Before the COVID-19 pandemic began, she was paid $8.50 an hour. After the COVID-19 pandemic, in about March 2020, her salary was reduced to $7.50 an hour.

163.    Defendants failed to pay Ms. Colorado for overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

164.    Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500, 000.00.

165.    Ms.    Colorado fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Colorado intends to avail herself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Viridiana Candelario Lopez

166.     Defendants directly or indirectly hired Ms. Viridiana Candelario Lopez to work at Defendants' restaurant.

167.     Defendants employed Ms. Candelario Lopez from approximately August 2014 until July 3, 2021.

168.     Ms. Candelario Lopez worked as cook for Defendants.

169.     As a cook for Defendants, Ms. Candelario handled and worked with the vegetables that were purchased from the "Central de Abastos," an international produce terminal market located in McAllen, Texas. The restaurant sold soft drinks, candies, and other goods imported from Mexico.

170.      During her employment for Defendants, Ms. Mora Ramirez worked about nine (9) to nine and half (9 1/2) hours per day, from approximately 8 am until 5 pm or 5:30 pm without any breaks.

171.     During her employment for Defendants, Ms. Candelario Lopez worked six (6) days a week.

172.     During her employment for Defendants, Ms. Candelario Lopez worked over forty (40) hours per week.

173.     Defendants paid Ms. Candelario Lopez a regular rate of $7.50 an hour.

174.     Before the COVID-19 pandemic, she was paid $8.50 an hour. After the COVID-19 pandemic began, in about March of 2020, her salary was reduced to $7.50 an hour.

175.     Defendants failed to pay Ms. Candelario Lopez for overtime compensation at a

rate of one and one-half times her regular pay for all hours worked over forty (40) in a given workweek.

176.     Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500, 000.00.

177.     Ms. Candelario Lopez fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Candelario Lopez intends to avail herself of the protection of this Court, as appropriate.

## STATEMENT OF FACTS

### Plaintiff Yadira Garcia Hernandez

178.     Defendants directly or indirectly hired Ms. Yadira Garcia Hernandez to work at Defendants' restaurant.

179.     Defendants employed Ms. Garcia Hernandez from approximately August 2020 until July 3, 2021.

180.     Ms. Garcia Hernandez performed work for Defendants from approximately August 2020 until July 3, 2021.

181.     Ms. Garcia Hernandez worked as a waitress for Defendants.

182.     As a waitress for Defendants, Ms. Garcia Hernandez handled the plates of food with vegetables, soft drinks, candies, and other goods imported from Mexico.

183.     In addition to working as a waitress, Ms. Garcia Hernandez would make the lemonade, pico de gallo for the chips, and churros. The churros would take her approximately two to three hours to make. However, she was not compensated for making the churros. Ms. Garcia Hernandez made churros for about two to three months from March to May of 2021.

184.    During her employment for Defendants, Ms. Garcia Hernandez worked about eight and half (8 ½) to nine (9) hours per day, from approximately 8 am to 5 pm without any breaks.

185.    During her employment for Defendants, Ms. Garcia Hernandez worked six (6) days a week.

186.    During her employment for Defendants, Ms. Garcia Hernandez worked over forty (40) hours per week.

187.    Defendants paid Ms. Garcia Hernandez a regular rate of $3.50 an hour plus tip, but customers did not always leave a tip. The tips varied per day; however, on slow days she made approximately $20 a day.

188.    Defendants failed to pay Ms. Garcia Hernandez for overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a given workweek.

189.    Based on information and belief, Taqueria Don Felipe has an annual revenue of at least $500, 000.00.

190.    Ms. Garcia Hernandez fears that Defendants may retaliate against her for asserting her legal right. If Defendants attempt any form of retaliation, Ms. Garcia Hernandez intends to avail herself of the protection of this Court, as appropriate.

## CAUSES OF ACTION

**I.    Violation of the Fair Labor Standard Act ("FLSA")**

191.    Plaintiffs incorporate each of the following paragraphs as if fully set forth herein.

192.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d) and 29 U.S.C. § 203(g).

193.     Defendants were employers of Plaintiffs within the meaning of the FLSA under 29 U.S.C. §§ 206 and 207. Defendants were integrally involved in running Taqueria Don Felipe. Defendants exercised control over Plaintiff's work situation, including setting their work schedule and assigning their tasks. Defendants maintained control, oversight, and direction over its operation, including employment practices.

194.     As employees of the Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commercial purposes within the meaning of 29 U.S.C. § 203.

195.     Plaintiffs are non-exempt employees.

196.     Defendants failed to maintain complete and accurate records of the hours Plaintiffs worked.

197.     Defendants repeatedly and willfully violated, and continue to willfully violate, 29 U.S.C. § 207 by refusing to pay Plaintiffs the applicable federal minimum wage for all their work.

198.     Defendants repeatedly and willfully violated, and continue to willfully violate, 29 U.S.C § 207 by refusing to pay Plaintiffs time and a half for each hour worked over forty (40) hours in a given week.

199.     The above-described actions of Defendants violated Plaintiffs rights under the FLSA for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 218(b).

## II.    Violation of the Texas Minimum Wage Act ("TMWA")

200.    At the times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the TMWA, Texas Labor Code, 62.0012(b).

201.    During Plaintiffs' employment, Defendants failed to pay Plaintiffs the state mandated minimum wage for each hour that Plaintiffs worked.

## III.    Promissory Estoppel and Unjust Enrichment

202.    Acting in reasonable and detrimental reliance on Defendants promises regarding the terms and conditions of the employment arrangement, Plaintiffs performed various types of work for Defendants, including but not limited to grilling, cooking, cleaning, serving food and beverages, working the cash register, and other duties all of which served to benefit Defendants.

203.    Defendants intentionally designed their promises regarding the terms and conditions of the employment arrangement to induce or tacitly encourage Plaintiffs to rely on those promises, and to act thereon, to Plaintiffs' detriment.

204.    Plaintiffs' conduct in reliance on Defendants' promise was at all times known to Defendants.

205.    If Plaintiffs establish Defendants' liability, then Plaintiffs are entitled to compensation for their services provided in order to avoid the unjust enrichment of Defendants.

206.    If Defendants are liable to Plaintiffs, then Defendants are also liable for damages directly caused by Plaintiffs' reasonable and detrimental reliance on Defendants' promises.

## DECLARATORY RELIEF

207.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201-2202 and Tex. Civ. Prac. & Rem. Code §§ 37.001-011.

208.    This Court should declare that the Defendants violated Plaintiffs' rights under the

FLSA and TMWA.

## MONETARY AND INJUNCTIVE RELIEF

209.    As a result of Defendants' violation of federal and state law, Plaintiffs have

suffered the following damages for which they are entitled to monetary and injunctive relief,

including an order requiring Defendants to:

    a.   cease their unfair and illegal labor practices;

    b.   pay Plaintiffs unpaid back wage based on Defendants' failure to provide

       compensation commensurate with federal minimum wage and overtime law, plus

       an equal amount in liquidated damages;

    c.   pay Plaintiffs underpaid wages based on Defendants' failure to provide

       compensation commensurate with state minimum wage law, plus an equal amount

       in liquidated damages; and

    d.   pay Plaintiffs for their value of Plaintiffs services rendered.

## ATTORNEY FEES

210.    Plaintiffs seeks reasonable and necessary attorneys' fees and costs incurred and

may incur in this action as a result of violations of the FLSA, 29 U.S.C. § 216(b), and the

TMWA, Texas Labor Code 62.205.

## JURY TRIAL DEMANDED

211.     Plaintiffs request that this case be decided by a jury.

## PRAYER

212.      For these reasons, Plaintiffs respectfully request this Court enter judgment

against Defendants for the following:

a.  Plaintiffs unpaid minimum wage and overtime wages at the applicable overtime

rate for each hour worked over forty, and an equal amount in liquidated damages;

b.  The value of Plaintiffs' services;

c.  Plaintiffs' court costs and reasonable and necessary attorneys' fees;

d.  A declaration that Defendants' violated Plaintiffs' rights under the FLSA and the

TMWA; and

e.  Pre- and post-judgement interest as provided by law, costs of court, and such

other further relief to which Plaintiffs may be justly entitled.


DATED:                                          Respectfully Submitted,

2/17/2022                                       /s/ Carlos Moctezuma Garcia
                                                **GARCÍA & GARCÍA ATTORNEYS
                                                AT LAW, P.L.L.C.**
                                                Carlos Moctezuma García
                                                *Attorney in Charge*
                                                Texas Bar No. 24065265
                                                SDTX Bar No. 1081768
                                                P.O. Box 4545
                                                McAllen, TX 78502
                                                Phone: 956-630-3889
                                                Facsimile: 956-630-3899
                                                Email: cgarcia@garciagarcialaw.com
                                                *Attorney for Plaintiffs*

/s/ Arturo R. Cantu
Arturo R. Cantu
Attorney At Law
Federal I. D. No. 3916
State Bar No. 03766500
10113 North 10th Street, Suite H
McAllen, Texas  78504
Phone: (956) 668-1346
Facsimile: (956) 668-1347
Email:  ArturoR@cantulawfirm.net
Attorney for Plaintiffs